CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 2 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VINCENT R. LOFTON, | ) |
| Plaintiff, | ) Case No. 7:10CV00564 |
| v. | ) |
| | ) MEMORANDUM OPINION |
| E. LEE, MAIL CLERK, | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff Vincent R. Lofton, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Lofton alleges that the defendant, a mail clerk at Dillwyn Correctional Center (DCC), violated his rights by tampering with his mail. Upon review of the record, the court finds that the complaint must be dismissed.

## Background

In his original complaint, Lofton alleged only that Defendant E. Lee, a prison mail clerk, had tampered with his mail, which was a violation of Virginia prison regulations and constituted United States postal fraud and an invasion of privacy. The court filed the complaint conditionally, notified Lofton that his allegations were insufficient to state a claim, and granted him an opportunity to amend to particularize his claims.

Lofton has filed an amendment, which the court will grant. He alleges that he had been corresponding with a law firm in Norfolk, Virginia, On August 16, 2010, he received a large legal petition in a white envelope, clearly marked as addressed to him from the law firm. In

violation of Virginia Department of Corrections (VDOC) legal mail procedures, a floor officer delivered the legal packet as though it were regular mail, because Lee had failed to stamp it as legal mail to be opened and searched for contraband only in the presence of the inmate addressee. Lee also failed to stamp the packet received or to properly log the mailing, in violation of VDOC policy. Lofton asserts that by treating his legal materials as regular mail and not opening this piece of mail in his presence, the defendant violated his constitutional rights, tampered with the United States mail, committed mail fraud, violated Virginia prison mail regulations, invaded his privacy, and trespassed on his property.

## Discussion

A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." An inmate's complaint may be summarily dismissed under this section if it fails to allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In determining whether the complaint states a claim, a court must view the factual allegations in the light most favorable to the plaintiff, but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Id. at 302 (omitting internal quotations).

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). An inmate's bare allegation that prison officials opened legal

-2-

mail from his attorney outside his presence on one occasion, without a showing of any resulting adverse effect on his correspondence with counsel or any prejudice to pending legal proceedings, fails to state a constitutional claim actionable under § 1983 claim. Morgan v. Montanye, 516 F2d 1367, 1370-72 (2d Cir. 1975).

Lofton fails to allege any respect in which the opening of his legal mail outside his presence on one occasion interfered with his correspondence with counsel about legal strategy or otherwise prejudiced him in any pending litigation efforts. Accordingly, he fails to state any constitutional claim actionable under § 1983.

Lofton also makes vague reference to tampering with the United States Mail and mail fraud. However, he fails to cite any federal statute or regulation under which he would have a § 1983 claim against a mailroom official for opening one letter on one occasion and delivering it to him in a timely manner with no specified harm to any of its contents or to plaintiff's litigation efforts. The court's obligation to construe pro se pleadings liberally does not include a duty "to conjure up" legal claims not "squarely presented" by plaintiff's pleadings, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), and therefore, the court will not comb the United States Code searching for legal authority on which Lofton could bring federal claims against Lee for mishandling his mail. Accordingly, the court will dismiss all of plaintiff's § 1983 claims without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim.

Section 1983 was intended to protect only federal rights defined by federal law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Therefore, plaintiff's state law claims–alleging violations of VDOC regulations and common law claims of trespass and invasion of privacy–are not independently actionable under § 1983. Moreover, inasmuch as Lofton's federal claims will

all be dismissed under § 1915A(b)(1), the court declines to exercise supplemental jurisdiction over any state law claims and will dismiss them without prejudice. See 28 U.S.C. § 1367(c).

**Conclusion**

For the stated reasons, the court concludes that Lofton's complaint as amended must be dismissed without prejudice in its entirety. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 1st day of February, 2011.

_____
Chief United States District Judge